Robert B. Sykes (#3180)
C. Peter Sorensen (#16728)
Christina D. Isom (#17244)
**SYKES MCALLISTER LAW OFFICES, PLLC**
311 S. State Street, Suite 240
Salt Lake City, Utah 84111
Telephone No. (801) 533-0222
bob@sykesmcallisterlaw.com
pete@sykesmcallisterlaw.com
christina@sykesmcallisterlaw.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| KRISTEN CAREY,<br><br>Plaintiff,<br><br>vs.<br><br>DANIELL BREAKELL; M. GRIES; T. CASTELLUCCI and BRAZELL, Officers for National Park Service; and UNITED STATES DEPARTMENT OF INTERIOR, by and through its National Park Service, and UNITED STATES OF AMERICA,<br><br>Defendants. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' RULE 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE, OR, ALTERNATIVELY, TO TRANSFER TO THE DISTRICT OF ARIZONA PURSUANT TO 28 U.S.C. § 1406**<br><br>Civil No. 4:25-cv-00108-AMA-PK<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

Plaintiff Kristen Carey, through counsel, responds to Defendants' motion as follows:

### PRELIMINARY STATEMENT

Plaintiff Kristen Carey, through undersigned counsel, respectfully opposes Defendants' Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer to the District of Arizona (ECF 18) (the "Motion"). Defendants' attempt to dismiss or transfer this case is a transparent effort to evade accountability in the forum where the underlying violations originated.

1

Venue is proper in the District of Utah because the alleged speeding violation occurred in Utah, the traffic stop was initiated in Utah through the activation of emergency lights and siren, and these acts form a substantial part of the events giving rise to Plaintiff's claims, including her claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680.

This Court should deny the Motion in its entirety. Plaintiff has made a prima facie showing of proper venue based on well-pled allegations in the Complaint, which must be accepted as true at this stage, and Defendants' extrinsic evidence does not conclusively contradict those allegations. See *Hancock v. AT&T Co., Inc.*, 701 F.3d 1248, 1260–61 (10th Cir. 2012) (holding that, in resolving a Rule 12(b)(3) motion, courts must resolve factual disputes in the plaintiff's favor and draw reasonable inferences therefrom). Transfer is unwarranted, as it would not serve the interests of justice but rather reward Defendants' forum-shopping tactics.

## I. FACTUAL BACKGROUND

On August 22, 2023, Plaintiff Kristen Carey, a resident of South Carolina working as a traveling nurse, was driving southbound on Highway 89 after swimming at Lone Rock Beach in Lake Powell, near the Utah-Arizona border. Compl. ¶¶ 9, 16–18 (ECF 1). The alleged speeding violation—driving 51 mph in a 35-mph zone—occurred on Lone Rock Access Road entirely within Utah, in the Glen Canyon National Recreation Area. Id. ¶¶ 15, 19; see also Defs.' Mot. at 3 (admitting the radar detection occurred in Utah). Defendants Danielle Breakell and Michael Gries, National Park Service (NPS) rangers, initiated the traffic stop by activating their patrol car's overhead lights and siren while still in Utah, just north of the Utah/Arizona state line. Compl. ¶¶ 15, 19–20; see Defs.' Mot. at 3 (conceding initiation of the stop in Utah).

Plaintiff yielded to this show of authority and pulled over approximately one mile inside Utah, where the subsequent detention, questioning, field sobriety tests, arrest, and invasive

body-cavity search occurred. Compl. ¶¶ 15, 25–38, 39–51. Although Defendants claim the vehicles came to rest in Arizona at mile-post 557, their evidence—including Officer Breakell's Declaration (Ex. A to Mot.) and a brief video excerpt from Officer Gries's body-worn camera (Ex. C to Mot.)—does not conclusively establish this. The video shows only a fleeting "Welcome to Arizona" sign, but it does not capture the precise location of the radar detection, the activation of lights and siren, or the full sequence of the stop. At best, Defendants' evidence creates a factual dispute that must be resolved in Plaintiff's favor. *Hancock,* 701 F.3d at 1260–61.

The initiation of the stop in Utah constituted the initial seizure under the Fourth Amendment, as Plaintiff submitted to the officers' authority by pulling over. See *United States v. Salazar*, 609 F.3d 1059, 1064 (10th Cir. 2010) (holding that a traffic stop seizure occurs when the vehicle yields to police lights or siren). This Utah-based seizure led directly to the alleged unlawful expansion of the stop into a DUI investigation without probable cause, the illegal arrest, and the battery via body-cavity search. Compl. ¶¶ 32–51, 102–18. These events form the core of Plaintiff's claims under the Fourth and Fourteenth Amendments (including Bivens claims), the Utah Constitution (Art. I, §§ 9, 14), and the FTCA.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss for improper venue. The plaintiff bears the burden of making a prima facie showing of proper venue, which may be satisfied by well-pled allegations in the complaint. *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998). When a defendant presents extrinsic evidence, the court does not accept the complaint's allegations as true only if they are directly contradicted by objective evidence. *Hancock*, 701 F.3d at 1260. However, material factual disputes must be resolved in the plaintiff's favor, with all reasonable inferences drawn therefrom. Id. at

3

1260–61; see also *Huff v. Reeves*, 996 F.3d 1082 (10th Cir. 2022) (applying Hancock and resolving venue disputes in plaintiff's favor where evidence was inconclusive).

Objective documentary evidence, such as video, may override allegations only if it "blatantly contradicts" the plaintiff's version, akin to the summary judgment standard. See *Harvest Grp., LLC v. Love's Travel Stops & Country Stores, Inc.*, 90 F.4th 1271, 1283 (10th Cir. 2024) (citing *Scott v. Harris*, 550 U.S. 372, 380–81 (2007)). Here, Defendants' partial video excerpt does not meet this threshold, as it fails to capture the key Utah-based acts.

For FTCA claims, venue is proper "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). The phrase "act or omission" is interpreted broadly to include districts where substantial parts of the events occurred, not limited to the final locus. "Under Federal Tort Claims Act Court of Appeals was required to apply law of the place where alleged negligence occurred. See, e.g., *Flynn v. U.S.*, 902 F.2d 1524 (10th Cir. 1990) In this case, that is Utah.  (interpreting similar venue provisions under § 1391 to focus on "substantial part of the events," and applying analogous reasoning to FTCA claims); cf. *Reuber v. United States*, 750 F.2d 1039, 1047–48 (D.C. Cir. 1984) (noting FTCA venue turns on where tortious acts substantially arose, even if effects felt elsewhere).

For non-FTCA claims, venue is governed by 28 U.S.C. § 1391(e)(1), which allows suit where "a substantial part of the events or omissions giving rise to the claim occurred." This provision is satisfied if any meaningful portion of the conduct happened in the district. See *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1165–66 (10th Cir. 2010) (holding venue proper where initial acts in a chain of events occurred in the district). Pendent venue may apply to related claims. See *Sierra Club v. Johnson*, 623 F. Supp. 2d 31, 37 (D.D.C. 2009) (*Flynn v. U.S.*,

4

902 F.2d 1524 (10ᵗʰ Cir. 1990) (exercising pendent venue over claims sharing a common nucleus of facts).

Transfer under 28 U.S.C. § 1406(a) is discretionary and should occur only if "in the interest of justice," such as to avoid refiling costs where venue is clearly improper. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). Transfer is inappropriate where, as here, venue is proper and defendants seek to inconvenience the plaintiff. See *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515–16 (10th Cir. 1991) (denying transfer where plaintiff's choice of forum deserved deference). In considering a motion to dismiss for lack of venue, "unless contradicted by an evidentiary showing, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." (*Jyachosky v. Winter*, 04–1733, 2006 WL 1805607 at *1, 2006 U.S. Dist. LEXIS 44399 at *4 (D.D.C. Jun. 29, 2006)

### III. ARGUMENT

### A. Venue Is Proper in the District of Utah for All Claims Because Substantial Acts and Omissions Occurred in Utah

Plaintiff has met her prima facie burden by alleging that the speeding violation, radar detection, and initiation of the stop all core "acts or omissions" occurred in Utah. Complaint ¶¶ 15, 19; see *Pierce*, 137 F.3d at 1192. These Utah-based events directly caused the subsequent violations, satisfying venue under both § 1402(b) (FTCA) and § 1391(e) (non-FTCA claims).

1. **FTCA Claims (Battery and Negligent Policies/Procedures):** Venue is proper under § 1402(b) because the "act or omission complained of" substantially occurred in Utah. The Tenth Circuit interprets such venue provisions to encompass districts where initial

causative acts happen, even if culmination is elsewhere. See *Flynn v. U.S.*, 902 F.2d 1524 (10th Cir. 1990) (venue proper where "substantial part" of negligent acts originated); see also *Miller v. United States*, 463 F.3d 1122, 1123 (10th Cir. 2006) (strictly construing FTCA but allowing venue where tortious conduct began). Here, the alleged speeding (in Utah) provided the pretext for the stop, and the activation of lights/siren (in Utah) effected the initial seizure. Without these Utah acts, no detention, arrest, or search would have occurred.

Defendants' reliance on out-of-circuit cases like *Reuber and Boggs v. United States*, 987 F. Supp. 11 (D.D.C. 1997), is misplaced, as those involved acts wholly outside the forum. In contrast, Utah courts have broadly interpreted venue to include originating events. See, e.g., *Larsen v. Davis Cnty. Sch. Dist.*, 2017 UT App 27, ¶¶ 14–16, 392 P.3d 1008 (Utah Ct. App. 2017) (venue proper where initial negligent decisions occurred, even if harm manifested elsewhere). Defendants' video does not "blatantly contradict" Plaintiff's allegations. It omits the radar detection and light activation, creating a dispute that should be resolved in Plaintiff's favor. *Hancock*, 701 F.3d at 1260–61; cf. *Harvest Grp.*, 90 F.4th at 1283 (video must be conclusive to override pleadings).

Pendent venue over the FTCA claims is appropriate, as they share a "common nucleus" with the constitutional claims properly venued here. See *Huff v. Reeves*, 996 F.3d 1082 (10th Cir. 2022) (exercising pendent venue in Utah over related federal claims). Dismissing the FTCA claims would lead to inefficient piecemeal litigation, contrary to judicial economy.

2.        **Non-FTCA Claims (Constitutional Violations):** Venue is indisputably proper under § 1391(e)(1)(B), as "a substantial part of the events" occurred in Utah—the speeding, radar lock, and stop initiation. See *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1165–66 (venue proper based on initial acts in causal chain); *Salazar*, 609 F.3d at 1064 (seizure begins with show of authority in the district). Defendants do not seriously contest this, focusing instead on FTCA venue.

**B. Defendants Fail to Meet Their Burden to Show Improper Venue**

Defendants' evidence creates, at most, a factual dispute about the precise pull-over location, but it does not address the undisputed Utah-based speeding and stop initiation. This Court must resolve such disputes in Plaintiff's favor. *Hancock,* 701 F.3d at 1261; Pierce, 137 F.3d at 1192. Moreover, under Utah law, venue statutes are liberally construed to favor the plaintiff's choice. See Utah Code Ann. § 78B-3-307 (venue proper where cause of action "arises"); *Dale v. Bennett*, 921 P.2d 466, 469 (Utah 1996) (interpreting "arises" broadly to include originating acts). Defendants' narrow focus on the final resting spot ignores the continuous nature of the seizure, which  undisputedly began in Utah.

**C. Transfer Is Not in the Interest of Justice**

Even if venue were improper (which it is not), transfer under § 1406(a) would not serve justice. Plaintiff's choice of forum—where the violations originated—deserves substantial deference. *Chrysler Credit Corp*., 928 F.2d at 1515–16. Arizona offers no superior convenience: witnesses and evidence span both states, and transfer would burden Plaintiff, a South Carolina resident, without benefiting Defendants. See *Goldlawr*, 369 U.S. at 466 (transfer only for clear defects, not tactical advantage). Denying transfer promotes efficiency and holds Defendants accountable in the district of their initial misconduct.

**IV. CONCLUSION**

This Court should deny Defendants' Motion. Venue is proper in Utah, Plaintiff has stated viable claims, and transfer would undermine justice. Plaintiff has waited long enough to have her chance to prove her case in court. Plaintiff respectfully requests oral argument if deemed necessary.

DATED this 10[h] day of March, 2026.

**SYKES McALLISTER LAW OFFICES, PLLC**

 */s/ C. Peter Sorensen*
ROBERT B. SYKES
C. PETER SORENSEN
CHRISTINA D. ISOM
*Attorneys for Plaintiffs*