IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KRISTEN CAREY,<br><br>        Plaintiff,<br><br>v.<br><br><br>DANIELLE BREAKELL, et al.,<br><br>        Defendants. | **MEMORANDUM DECISION & ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE OR, ALTERNATIVELY, TO TRANSFER TO THE DISTRICT OF ARIZONA & DENYING PLAINTIFF'S MOTION TO ALLOW SUR-REPLY**<br><br><br>Case No. 4:25-cv-00108-AMA-PK<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on the Motion to Dismiss for Improper Venue or, Alternatively, to Transfer to the District of Arizona filed by Defendants Danielle Breakell, M. Gries, T. Castelluci, Brazell, United States Department of Interior, and the United States of America (collectively, "Defendants").[1] Also before the Court is Plaintiff Kristen Carey's Motion to Allow Sur-Reply.[2] For the reasons discussed below, the Court will grant Defendants' Motion and deny Plaintiff's Motion. As such, the Court will transfer the entirety of this action to the District of Arizona.

---

[1] ECF No. 18, filed February 25, 2026.
[2] ECF No. 25, filed April 9, 2026.

1

**BACKGROUND**[3]

On August 22, 2023, National Park Service ("NPS") Rangers Danielle Breakell and Michael Gries were on patrol within the Glen Canyon National Recreation Area when Defendant Breakell observed a sedan driving at a high rate of speed on Lone Rock Access Road in Utah.[4] The driver of this sedan was Plaintiff Kristen Carey,[5] and the patrol car's radar recorded that she was driving 51 miles per hour in a 35-mph speed zone.[6] Plaintiff, who is a resident of South Carolina,[7] turned southbound on Highway 89 and headed toward Arizona.[8] The officers, after pulling their patrol car behind Plaintiff's car on Highway 89, then initiated a stop by activating their car's overhead lights and siren.[9] By the time Plaintiff pulled over to the side of the highway, she and the officers had crossed the state line and had come to rest in Arizona near Highway 89 mile-post 557.[10]

At Defendant Breakell's direction, Plaintiff got out of her car, after which the officers

---

[3] In reviewing a motion to dismiss for improper venue, courts may rely on evidence beyond the complaint. *See Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998); *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1260–61 (10th Cir. 2012) ("A district court may examine facts outside the complaint to determine whether venue is proper." (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1352, at 324 (2004)). Thus, this background section consists of information taken from not only the Complaint, ECF No. 1, but also the exhibits attached to Defendants' Motion. ECF No. 18. For the purposes of the Motion at issue, the Court will treat the well-pleaded allegations in the Complaint as true "to the extent that such facts are uncontroverted by" Defendants' evidence. *Pierce*, 137 F.3d at 1192.

[4] ECF No. 18, Ex. A ¶ 2.

[5] *See* ECF No. 1 ¶ 15.

[6] ECF No. 18, Ex. A ¶ 2.

[7] ECF No. 1 ¶ 9. It appears that Plaintiff was living in Arizona at the time of the incident due to her job as a traveling nurse. *Id*. ¶¶ 17–18.

[8] ECF No. 18, Ex. A ¶ 3.

[9] *Id.*

[10] *Id*. ¶ 4; *id*. Ex. B ¶¶ 4–5; *id*. Ex. C at 01:20 to 01:23 (video excerpt from Defendant Gries's body-worn camera footage showing the officers' vehicle passing the "Welcome to Arizona" sign on the state line before coming to a stop).

questioned her.[11] Defendant Breakell conducted field sobriety tests and decided to place Plaintiff

under arrest for operating a motor vehicle while under the influence of alcohol.[12] Incident to this

arrest, Defendant Breakell conducted a search of Plaintiff's person.[13] The officers then took

Plaintiff to a Coconino County detention facility in Page, Arizona, and Plaintiff's car was

impounded and towed to Page.[14]

Plaintiff initiated the instant action on September 12, 2025.[15] Defendants filed the instant

Motion on February 25, 2026.[16] Plaintiff filed her Opposition on March 10, 2026,[17] to which

Defendants replied on April 8, 2026.[18] On April 9, 2026, Plaintiff filed her Motion to Allow Sur-

Reply.[19]

## LEGAL STANDARD

*Rule 12(b)(3) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(3) provides that a defendant may move to dismiss

for improper venue. "The general rule is that if multiple claims are pleaded in one action, venue

must be proper for each claim."[20] While the plaintiff bears the burden of showing that venue is

proper, "[t]he plaintiff is only required to make a prima facie case" of such "to avoid

dismissal."[21] "[A] plaintiff may rest on the well-pled facts in the complaint to oppose a motion to

---

[11] *Id*. Ex. A ¶¶ 5–6.
[12] *Id*. ¶ 7.
[13] *Id*. ¶ 8.
[14] *Id*. ¶ 9.
[15] ECF No. 1.
[16] ECF No. 18.
[17] ECF No. 20.
[18] ECF No. 24.
[19] ECF No. 25.
[20] *Laber v. Austin*, No. 23-cv-1025-EFM, 2023 WL 4950993, at *2 (D. Kan. Aug. 3, 2023).
[21] *Id*. (citing *Mohr v. Margolis, Ainsworth, & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006)).

dismiss for improper venue, but only to the extent that such facts are uncontroverted by defendant's evidence."[22] "[T]he trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party."[23]

*Alternative Motion to Transfer*

"Transfer of venue is governed by 28 U.S.C. § 1404 or § 1406, depending on whether the plaintiff's choice of venue is proper."[24] Where venue is proper, § 1404 governs. Where venue is improper, § 1406 governs. Section 1404 states in relevant part as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"[25] Pursuant to § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[26]

## **DISCUSSION**

### A.    **POSSIBLE IMPROPER USE OF ARTIFICIAL INTELLIGENCE**

Before addressing the substance of Defendants' Motion, the Court calls attention to certain concerns it has regarding the Opposition Plaintiff's counsel filed on March 10, 2026.[27] In reviewing the Opposition, the Court located a number of case citations suggesting that the improper use of artificial intelligence may have occurred here. For example, the Opposition cites to "*Larsen v. Davis Cnty. Sch. Dist.*, 2017 UT App 27, ¶¶ 14–16, 392 P.3d 1008 (Utah Ct. App.

---

[22] *Hancock*, 701 F.3d at 1260 (citation modified).
[23] *Id.*
[24] *Laber*, 2023 WL 4950993, at *2.
[25] 28 U.S.C. § 1404(a).
[26] 28 U.S.C. § 1406(a).
[27] ECF No. 20.

2017)"[28] and "*Dale v. Bennett*, 921 P.2d 466, 469 (Utah 1996)[,]"[29] but the Court has been unable to locate these cases as cited on Westlaw. Citations to non-existent cases "undermine the integrity of court filings and evince a lack of diligence under Federal Rule of Civil Procedure 11(b)."[30] "A fake opinion is not 'existing law' and citation to a fake opinion does not provide a non-frivolous ground for extending, modifying, or reversing existing law, or for establishing new law. An attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system."[31]

The Court does not take suggestions of the improper use of artificial intelligence lightly. However, because, as the Court will discuss in full below, transfer of this action to the District of Arizona is appropriate, the Court will leave this issue to be handled according to the discretion of the receiving judge. As such, this issue does not impact the Court's decision in this Order, which the Court makes according to the applicable law.

## B.    MOTION TO ALLOW SUR-REPLY

Another threshold issue the Court must address is Plaintiff's Motion to Allow Sur-Reply. "When a party files a dispositive motion, the opposing party may submit one response and the movant may submit one reply."[32] To obtain leave to file a sur-reply, the moving party generally must show that she "should be given an opportunity to respond to new material raised for the

---

[28] *Id*. at 6.

[29] *Id*. at 7.

[30] *Berg v. United Airlines, Inc.*, No. 1:23-cv-01766-NYW-SBP, 2025 WL 3177804, at *3 (D. Colo. Sept. 8, 2025), *report and recommendation adopted*, No. 23-cv-01766-NYW-SBP, 2025 WL 3033488 (D. Colo. Oct. 30, 2025).

[31] *Von Neumann v. Wells Fargo Bank N.A.*, No. 25-cv-00509-LTB-RTG, 2025 WL 2211655, at *2 (D. Colo. Mar. 17, 2025) (quoting *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023)).

[32] *Salazar-Ruiz v. Cox*, No. 24-4052-DDC-GEB, 2024 WL 5106684, at *5 (D. Kan. Dec. 13, 2024); *see also* DUCIVR 7-1(a)(4).

first time in the . . . reply."[33] "These rules assist the court by identifying when briefed matters are finally submitted and [minimize] the battles over which side should have the last word."[34]

Here, Plaintiff provides two cursory assertions to support her Motion: (1) "crucial, highly relevant jurisdictional evidence has been omitted from previous briefing"[35] and (2) "[g]ranting Defendants' Motion runs afoul of . . . *Heck v. Humphrey*, 512 U.S. 477 (1994)."[36] Such conclusory statements are "insufficient to demonstrate that a sur-reply is warranted."[37] Notably, neither of these issues appear to be related to new material raised for the first time in Defendants' Reply. Plaintiff had full opportunity to respond to Defendants' Motion, and Plaintiff did so. Yet Plaintiff makes no effort to explain to the Court why she did not submit this alleged evidence or raise this supposed *Heck v. Humphrey* issue with and in her Opposition. Plaintiff does not even describe this evidence, and it is not at all apparent what bearing *Heck* has on the issues presently before the Court.[38] As such, Plaintiff has failed to persuade the Court that she should be given opportunity to file a sur-reply. Plaintiff's Motion is denied.

---

[33] *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).
[34] *Salazar-Ruiz*, 2024 WL 5106684, at *5 (citation modified).
[35] ECF No. 25 at 1.
[36] *Id*. at 2.
[37] *Ordonez v. Taylorsville City Police Dep't*, No. 2:23-cv-00458-TC-CMR, 2025 WL 1455556, at *2 (D. Utah May 21, 2025); *see also Locke v. Grady Cnty.*, 437 F. App'x 626, 633 (10th Cir. 2011) (unpublished) (declining to disturb the denial of a motion to file a sur-reply where the litigant "made little effort to demonstrate which evidence and arguments were new").
[38] In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." 512 U.S. at 486–87 (emphasis in original). How the Court's granting Defendants' Motion and transferring the case to the District of Arizona would run afoul of this principle is befuddling.

**C.     MOTION TO DISMISS FOR IMPROPER VENUE OR, ALTERNATIVELY, TO TRANSFER**

*Improper Venue*

Defendants argue that the venue provision of the Federal Tort Claims Act ("FTCA") pursuant to which Plaintiff brings her claims for battery and for negligent policies/procedures does not allow those claims to be prosecuted in Utah. The Court agrees.

The venue provision of the FTCA provides that "[a]ny civil action on a tort claim against the United States . . .  may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."[39] It is undisputed that Plaintiff resides in South Carolina, not Utah.[40] Thus, venue for the FTCA claims would only be proper in Utah if it were where "the act or omission complained of occurred."

Here, Plaintiff alleges that she was stopped by NPS officers one mile inside the Utah state line.[41] Defendants have, however, provided evidence refuting this allegation. According to Defendant Breakell's affidavit, although she observed Plaintiff's speeding and decided to conduct a traffic stop while located in Utah, both vehicles had crossed the state line into Arizona when the vehicles came to a stop.[42] This is corroborated by the video evidence Defendants submitted, which depicts the officers' vehicle passing the "Welcome to Arizona" sign on the state line before coming to a stop.[43] Plaintiff offers no evidence to place this fact into dispute, and indeed, it appears that Plaintiff concedes that the stop occurred in Arizona, as she asserts that the speeding violation, radar detection, and "initiation" of the stop occurred in Utah rather than

---

[39] 28 U.S.C. § 1402(b).
[40] ECF No. 1 ¶ 9.
[41] *Id.* ¶ 15.
[42] ECF No. 18, Ex. A ¶¶ 2–4.
[43] *Id.* Ex. C.

the stop and subsequent search themselves.

To that end, Plaintiff argues that venue is appropriate in Utah because the speeding and the initiation of the stop occurred in Utah. But, again, venue for the FTCA claims would only be proper in Utah if it were where "the act or omission *complained of* occurred." Plaintiff's FTCA claims are not premised on the speeding or the initiation of the stop. Rather, Plaintiff's FTCA claims are premised on the allegedly illegal and intrusive search.[44] This alleged search occurred on the side of the highway in Arizona. Therefore, because Arizona, not Utah, is where the act or omission complained of occurred, Utah is not the proper venue for the FTCA claims.

Plaintiff urges the Court to exercise pendent venue over the FTCA claims. "[S]ome courts . . . have applied the doctrine of pendent venue, which provides that when venue is properly established as to one claim, the court may exercise pendent or ancillary venue over other, related claims."[45] The case Plaintiff cites in support of this argument, however, does not address venue, let alone pendent venue.[46] Rather, to the Court's knowledge, "[t]he Tenth Circuit does not appear to have acknowledged the doctrine of pendent venue and courts in the Tenth Circuit do not regularly apply it."[47] This in and of itself gives the Court hesitation over invoking the doctrine. Moreover, several courts have refused to invoke pendent venue over FTCA claims in part because doing so would "place th[e] court in the position of circumventing otherwise

---

[44] *See* ECF No. 1 ¶¶ 102–118.

[45] *Pillow Menu, LLC v. Super Effective, LLC*, No. 20-cv-03638-STV, 2021 WL 3726205, at *5 n.9 (D. Colo. Aug. 19, 2021).

[46] *See Huff v. Reeves*, 996 F.3d 1082 (10th Cir. 2021). The Court notes that in Plaintiff's Opposition the decision is miscited as having been issued in 2022. ECF No. 20 at 6.

[47] *Premier Grp., Inc v. Bolingbroke*, No. 15-cv-01469-PAB-CBS, 2015 WL 4512313, at *9 n.7 (D. Colo. July 27, 2015); *see also Standifer v. J.B. Hunt Transp., Inc.*, No. 22-cv-2069-JAR-GEB, 2022 WL 5038198, at *4 (D. Kan. Oct. 4, 2022) ("[T]he Tenth Circuit has not addressed the pendent venue doctrine[.]").

clear congressional intent as to where FTCA claims are to be heard."[48] Thus, while Utah may be a proper venue for some of Plaintiff's claims, the Court will decline to invoke pendent venue over the FTCA claims.

*Dismissal or Transfer*

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Tenth Circuit has "interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action [or claim] or instead to dismiss the action [or claim] without prejudice."[49] Defendants request dismissal of the FTCA claims or, alternatively, that the Court transfer the entire case to the District of Arizona.

Here, the Court finds that the interests of justice are best served through transfer rather than dismissal of these claims. Plaintiff does not contest Defendants' assertion that Plaintiff could have brought all of her claims in the District of Arizona. And as the Supreme Court has stated, "[i]f, by reason of the uncertainties of proper venue a mistake is made, . . . 'the interest of justice' may require that the [claim] not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'"[50] Here, requiring that Plaintiff refile her FTCA claims "in a new venue could result in penalties to

---

[48] *Boggs v. United States*, 987 F. Supp. 11, 19 (D.D.C. 1997); *see also Attkisson v. Holder*, 241 F. Supp. 3d 207, 214 (D.D.C. 2017); *Yuanxing Liu v. Lynch*, No. 14-cv-01516 (APM), 2015 WL 9281580, at *3 (D.D.C. Dec. 8, 2015).

[49] *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006).

[50] *Goldlawr v. Heiman*, 369 U.S. 463, 467 (1962).

Plaintiff in terms of the statute of limitations, additional costs, or other technical issues that can be alleviated by a transfer of [the FTCA claims] to a proper district."[51]

Furthermore, while the Court acknowledges that venue may be proper for Plaintiff's other claims, the Court will transfer the entire action rather than severing and transferring only the FTCA claims. 28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" This section "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."[52] There are several factors for the Court to consider in making this determination, including the following:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[53]

Significantly, "[i]f all the claims are factually related, the interests of efficiency and judicial economy may require transferring the entire action to a district in which venue will be proper . . . so that all the claims can be tried together in a single lawsuit."[54] To that end, courts

---

[51] *Sleekez, LLC v. EquiGroomer*, No. 22-cv-00149-RMR-KLM, 2022 WL 18775903, at *4 (D. Colo. Nov. 8, 2022), *report and recommendation adopted sub nom. Sleekez, LLC v. EquiGroomer, LLC*, No. 1:22-cv-00149-RMR-KLM, 2022 WL 18775918 (D. Colo. Dec. 6, 2022).

[52] *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citation modified).

[53] *Id.*

[54] *Sleekez, LLC*, 2022 WL 18775903, at *4 (quoting 17 J. Moore, *Moore's Federal Practice* § 111.35[2], at 111–170 (3d ed. 2012)).

have, even where venue was proper for the non-FTCA claims, transferred the entirety of the case "to ensure that the claims are all heard together in the interest of preserving judicial and party resources."[55] Here, Plaintiff's claims are factually related, and were the Court to transfer some claims without the others, Plaintiff would be forced to litigate the same set of facts in two forums. Such piecemeal litigation should be avoided.

Moreover, although Plaintiff argues that her choice of forum deserves substantial deference, Plaintiff is not "a resident of this forum; thus, little deference is given to [her] choice of forum."[56] Indeed, it is unclear how a transfer from Utah to Arizona would significantly burden Plaintiff, who it appears was living in Arizona, not Utah, at the time of alleged incident[57] and resides in South Carolina.[58] Again, Plaintiff does not contest that all of her claims could have been brought in Arizona, and Plaintiff admits that witnesses and evidence would be available in both states. Additionally, while Plaintiff cursorily asserts that Defendants seek transfer simply to inconvenience her, there is no indication of such an intent. In sum, the Court does not find that these and the other factors Plaintiff argues "overcome the efficiencies of having the claims decided in one forum and avoiding duplicative litigation."[59]

Therefore, the Court will transfer the entirety of this action to the District of Arizona pursuant to 28 U.S.C. §§ 1404 and 1406.

## **ORDER**

For the reasons discussed above, the Court orders as follows:

---

[55] *Yuanxing Liu*, 2015 WL 9281580, at *3; *see also Attkisson*, 241 F. Supp. 3d at 215.
[56] *Sleekez, LLC*, 2022 WL 18775903, at *5; *see also Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) ("The plaintiff's choice of forum receives less deference . . . if the plaintiff does not reside in the district.").
[57] ECF No. 1 ¶¶ 17–18.
[58] *Id.* ¶ 9.
[59] *Sleekez, LLC*, 2022 WL 18775903, at *5.

1. Plaintiff's Motion to Allow Sur-Reply (ECF No. 25) is **DENIED**.

2. Defendants' Motion to Dismiss or, Alternatively, to Transfer to the District of Arizona (ECF No. 18) is **GRANTED**.

3. The clerk is directed to **TRANSFER** this action to the **United States District Court for the District of Arizona**.

DATED this 30th day of July 2026.        BY THE COURT:

Ann Marie McIff Allen
United States District Judge